UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CARL JOHNSON,

               Plaintiff,               Case No. 2:12-cv-489

v.                                    Honorable Gordon J. Quist

WILLIAM GORGERDING et al.,

               Defendants.

_____/

## OPINION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants MacLaren, Davis, Lamb, Russel and the Michigan Department of Corrections.  The Court will serve the complaint against Defendants Gorgerding and Corizon Health.

**Discussion**

I.     Factual allegations

Plaintiff is incarcerated at the Kinross Correctional Facility (KCF).  In his *pro se* complaint, he sues Regional Health Care Administrator Dr. William Gorgerding; KCF Warden Duncan MacLaren, Corizon Health, and KCF Nurses Lori Davis and Patricia Lamb.  In addition, Plaintiff sues Richard Russel, Manager of the Grievance Section for the Office of Legal Affairs and the Michigan Department of Corrections (MDOC).

Plaintiff claims that he has suffered from sciatic nerve pain since 2007.  On June 17, 2011, after years of unsuccessful treatment with various medications, Plaintiff was provided with a Transcutaneous Electrical Nerve Stimulation (TENS) unit.  With the TENS unit, Plaintiff was able to successfully manage his pain and reduce numbness on his left side.  However, the TENS unit was taken from Plaintiff on May 21, 2012, after Defendant Gorgerding denied Plaintiff's request for continued use of the unit.  Plaintiff was provided with a water bottle, which eased the pain in his back caused by spinal arthritis, but did nothing to alleviate his sciatic pain.  Plaintiff complained to health service, but was told by health care workers that Corizon Health was limiting the treatment they could provide to prisoners and there was nothing further they could do for him.  Plaintiff contends that the MDOC is liable for contracting with Corizon to provide healthcare services for prisoners.

Plaintiff claims that without the TENS unit, he is in constant pain and is numb on the left side of his body from the hip down.  Plaintiff filed a grievance concerning the withdrawal of the TENS unit, which was denied at each step of the three-step grievance process by Defendants Davis, Lamb and Russel, respectively.  Plaintiff contends that Defendants' conduct constitutes deliberate

indifference to a serious medical need in violation of the Eighth Amendment.  He seeks injunctive relief and monetary damages of $500,000.

      II.    <u>Immunity</u>

      Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the MDOC must be dismissed from this action.

      III.    <u>Failure to state a claim</u>

      A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Davis, Lamb and Russel, other than his claim that they denied his grievances.  Likewise, Plaintiff's only mention

of Defendant MacLaren is that he forwarded Plaintiff's Step II grievance appeal to Defendant Lamb. Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further,"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Davis, Lamb, Russel or MacLaren engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of the complaint upon Defendants Gorgerding and Corizon Health.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC, MacLaren, Davis, Lamb, and Russel will be dismissed pursuant to 28 U.S.C. §1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Gorgerding and Corizon Health.

An Order consistent with this Opinion will be entered.


Dated:  January 29, 2013                    /s/ Gordon J. Quist
                                            Gordon J. Quist
                                            United States District Judge