UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL JOHNSON,

       Plaintiff,                                   Case No. 2:12-CV-489

v.                                                  HON. GORDON J. QUIST

WILLIAM BORGERDING, et al.,

       Defendants.
                                      /

**ORDER REJECTING REPORT AND RECOMMENDATION**

On January 14, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R), in which he recommends granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint for failure to exhaust. The magistrate judge further recommends that other pending motions be denied as moot based on dismissal of the case. Plaintiff objected to the R & R. Having conducted a *de novo* review of the R & R, Plaintiff's objection, and the pertinent portions of the record, *see* 28 U.S.C. § 636(b)(1), the Court concludes that the R & R should be rejected and that Defendants' motion for summary judgment should be denied.

*Background*

Plaintiff, Carl Johnson, is a prisoner confined in the Muskegon Correctional Facility. On June 17, 2011, Plaintiff received a transcutaneous electrical nerve stimulation (TENS) unit because he was suffering from sciatic nerve pain. (Compl. ¶ V.) On May 21, 2012, Plaintiff was informed that his TENS unit had to be returned because Defendant Borgerding had denied his request to continue using it. (*Id.*) Plaintiff was given a hot water bottle to alleviate his pain. (*Id.*) Since he lost his TENS unit, Plaintiff has suffered constant pain. (*Id.*)

On May 24, 2012, Plaintiff filed a Step I grievance related to the removal of his TENS unit. (*Id.*, Ex. 1.) That grievance was denied on the merits. (*Id.*) Thereafter, Plaintiff filed a Step II grievance, which was also denied on the merits. (*Id.*) Plaintiff then filed a Step III grievance. (*Id.*) That grievance was denied for failure to comply with the grievance procedure. (*Id.*) The Step III grievance response asserted that Plaintiff was notified of the issue on May 1, 2012, and thus his Step I grievance filed on May 24, 2012 was untimely. (*Id.*)

## *Analysis*

Prior to bringing a claim with respect to prison conditions under 42 U.S.C. § 1983, a prisoner must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). To properly exhaust, a prisoner must complete the administrative review process in accordance with the deadlines and other procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-18, 127 S. Ct. 910, 922-23 (2007). The procedural rules and deadlines for inmates within the Michigan Department of Corrections (MDOC) are outlined in MDOC Policy Directive 03.02.130 (the MDOC policy).

MDOC inmates must complete a three-step grievance process. Inmates must generally attempt to resolve a problem orally within two business days of becoming aware of the grievable issue. MDOC Policy Directive 03.02.130 ¶ P. An inmate who is not able to resolve a problem orally must submit a Step I grievance form within five days of the attempted oral resolution. *Id.* If an inmate is dissatisfied with the Step I response, or does not receive a timely response, he may file a Step II appeal within ten business days of the Step I response, or if no response was received, within ten days after the response was due. *Id.* at ¶ BB. If the inmate is dissatisfied with the Step II response, he may appeal to Step III. *Id.* at ¶ FF.

In support of their motion for summary judgment, Defendants' sole argument is that Plaintiff did not properly exhaust because "he did not follow the procedures of the policy by filing of a Step III grievance appeal prior to filing this lawsuit." (Defs.' Br. in Supp. Mot. for Summ. J. at 6.) Defendants, however, fail to cite to any MDOC policy that allows for a prisoner to appeal the response to a Step III grievance, let alone requires such an appeal. Furthermore, the Court could find no such procedure in the MDOC policy.

Plaintiff has alleged that he learned of the grievable issue on May 21, 2012, and that he filed a Step I grievance on May 24, 2012, within the time period provided by the MDOC policy. Defendants have not denied these facts, let alone provided evidence to refute them. Defendants merely state that the Step III grievance response stated that the Step I grievance was untimely. While that may be an accurate statement of the response, it does not address whether Plaintiff actually filed a timely Step I grievance. He says he did file within 5 days of the TENS unit being taken from him. Thus, to the extent that Defendants argue that Plaintiff failed to exhaust because he did not file his Step I grievance in a timely manner—which they do not appear to do— that argument would fail because Defendants provide no evidence to refute Plaintiff's claim that he received the relevant notice on May 21, 2012. Accordingly, Defendants have not demonstrated that Plaintiff failed to exhaust his administrative remedies.

Finally, Plaintiff has moved for default judgment against Defendant Corizon Health. Because Defendant Corizon Health has not "failed to plead or otherwise defend," s*ee* Fed. R. Civ. P. 55, Plaintiff is not entitled to default judgment.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 14, 2014 (dkt. # 31), is **REJECTED**.

3

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (dkt. ## 13, 25) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (dkt. # 19) is **DENIED**.

The Court does not express any opinion as to the remaining motions that the magistrate judge recommended be dismissed as moot (dkt. ## 16, 28, 30).

Dated: March 20, 2014                                             /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE