UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL JOHNSON #154168,

    Plaintiff,    Case No. 2:12-cv-489

v.    HON. GORDON J. QUIST

WILLIAM BORGERDING, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

  This is a civil rights action brought by state prisoner Carl Johnson pursuant to 42 U.S.C. § 1983. On January 29, 2014, the court dismissed plaintiff's complaint against defendants MacLaren, Davis, Lamb, Russel, and the Michigan Department of Corrections for failure to state a claim upon which relief may be granted. The remaining defendants in this case are William Borgerding and Corizon Health. Defendants Borgerding and Corizon Health, in separate filings, move for summary judgment. (Docket #46 and #51). Each defendant argues that plaintiff has failed to establish a valid Eighth Amendment claim, and therefore the claims against them should be dismissed. Plaintiff filed a response to defendant Borgerding (Docket #56) on December 8, 2014, and to defendant Corizon (Docket #61) on December 22, 2014. Upon review, I recommend that defendants Borgerding and Corizon's motion for summary judgment be granted.

  Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

In plaintiff's complaint, he alleges that he has suffered from sciatic nerve pain since 2007. On June 17, 2011, after years of unsuccessful treatment with various medications, plaintiff was provided with a Transcutaneous Electrical Nerve Stimulation ("TENS") unit. With the TENS unit, plaintiff was able to successfully manage his pain and reduce numbness on his left side. However, the TENS unit was taken from plaintiff on May 21, 2012, after defendant Borgerding denied plaintiff's request for continued use of the unit. Plaintiff was provided with a water bottle, which eased the pain in his back caused by spinal arthritis, but did nothing to alleviate his sciatic pain. Plaintiff complained to health services, but was told by health care workers that Corizon Health was limiting the treatment they could provide to prisoners and there was nothing further they could do for him.

Plaintiff claims that without the TENS unit, he is in constant pain and is numb on the left side of his body from the hip down. Plaintiff filed a grievance concerning the withdrawal of the

TENS unit, which was denied at each step of the three-step grievance process. Plaintiff contends that defendants' conduct constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment. He seeks injunctive relief and monetary damages of $500,000. Defendant Borgerding claims that plaintiff has failed to establish a valid Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In the instant case, plaintiff has failed to establish either component of an Eighth Amendment claim. Plaintiff admits that without his TENS unit he is able to work five days a week, go on walks, and play racquetball from time to time. (Docket #47-2, p. 8). Plaintiff further admits that a doctor or physician's assistant has never told him that he needs surgery, physical therapy, a back brace, work restriction, or prescription pain killers. (Docket #47-2, p. 10-11). Plaintiff does not assert that without a TENS unit his condition will deteriorate faster than is natural, that he will be exposed to serious harm, or that he will lose the ability to perform daily activities. Furthermore, plaintiff did not request a TENS unit during the nearly 20 months between the time of his transfer to Muskegon Correctional Facility, and the time of his deposition. In the opinion of the undersigned, the above factors indicate that, while plaintiff may be in discomfort, his injury does not rise to the level of a "serious medical need."

As to the second element of an Eighth Amendment analysis, plaintiff fails to establish that defendant Borgerding acted with "deliberate indifference." Defendant may have denied plaintiff access to a TENS unit, but he did not deny plaintiff treatment. The Sixth Circuit makes an important distinction "between cases where the complaint alleges a complete denial of medical care and those

4

cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

In lieu of a TENS unit, plaintiff was given medical advice on how to alleviate back pain by performing certain stretches. Defendant described this advice as "medical advice," and considered it objectively "helpful." (Docket #47-2, p. 9). Plaintiff was also advised to use a warm water bottle on his back, and take over the counter medications such as a Tylenol. Plaintiff's protestation to this treatment stems from a mere difference in judgment, and differences in judgment are not enough to establish that defendant was acting with deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). For the above reasons, plaintiff has failed to establish a valid Eighth Amendment claim against defendant Borgerding.

Defendant Corizon also asserts that plaintiff has failed to establish a valid Eighth Amendment claim. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

5

(1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that like a municipal corporation, defendant Corizon's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff did not proffer evidence supporting his allegation that his medical treatments were based upon any of defendant Corizon's policies. But even if plaintiff was able to produce such a policy, he would still need to show that defendant Corizon violated his Eight Amendment rights. As stated above, plaintiff's injuries do not rise to the level of seriousness that a constitutional claim demands, and therefore an Eighth Amendment claim cannot be established.

Plaintiff, in his initial complaint, requests injunctive relief requiring defendants to provide him with a TENS unit, refer him to a specialist, and follow the plan outlined by the specialist. However, the Sixth Circuit has consistently held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). *See also*, *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989) (all attached); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Underlying this rule is the premise that injunctive relief is appropriate only where a plaintiff can show a reasonable expectation, or demonstrate a probability, that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not,

by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974).

The record indicates that plaintiff has been transferred out of Kinross Correctional Facility, and is now incarcerated at Muskegon Correctional Facility in Muskegon, Michigan. In the present action, the possibility that plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that plaintiff will be returned to Kinross Correctional Facility and be subjected to these allegedly unconstitutional conditions by the same defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, in the opinion of the undersigned, plaintiff's requests for injunctive relief should be dismissed.

As to plaintiff's "official capacity" claims, such claims do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th

Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees.

For the foregoing reasons, I recommend that defendants Borgerding and Corizon's motions for summary judgment (Docket #46 and #51) be granted, and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2015

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).