UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CARL JOHNSON #154168,

    Plaintiff,

v.                                                                 Case No. 2:12-CV-489

WILLIAM BORGERDING, et al.,             HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

    Plaintiff, Carl Johnson, has filed an Objection to Magistrate Judge Timothy Greeley's July 8, 2015 Report and Recommendation (R & R), in which Magistrate Judge Greeley recommends that the Court grant Defendants' motions for summary judgment on Plaintiff's Eighth Amendment claims. In particular, the magistrate judge concluded that Plaintiff failed to demonstrate both the objective component and the subjective component of an Eighth Amendment claim, that Plaintiff failed to demonstrate that a policy of Corizon caused the alleged constitutional injury, that Plaintiff's request for injunctive relief is moot, and that Plaintiff's official capacity claims should be dismissed.

    Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

    Plaintiff's Objection concerns the merits of his Eighth Amendment claim against Defendant Borgerding. Plaintiff alleges that he has suffered from sciatic nerve pain since 2007 and that Health

Services prescribed various medications to control the pain, which did not help. On June 17, 2011, Plaintiff received a transcutaneous electrical nerve stimulation (TENS) unit for his sciatic nerve pain. On May 21, 2012, Plaintiff was informed that his TENS unit had to be returned because Defendant Borgerding had denied his request to continue using it. Plaintiff was given a hot water bottle, instructed on certain stretches, and told to take over-the-counter medications to alleviate his pain. Plaintiff states that the hot water bottle helped with the stiffness in his back but has done nothing to address his sciatic nerve pain. Plaintiff states that since his TENS unit was discontinued, he has experienced constant pain and numbness on his left side from his hip to his feet.

An Eighth Amendment claim requires a plaintiff to demonstrate both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). In the context of medical care, a plaintiff must show a "sufficiently serious" medical need. *See Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991)). "The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety." *Id.* at 254.

Sciatic pain can constitute a serious medical condition. *See Gulley v. Ghosh*, 864 F. Supp. 2d 725, 729 (N.D. Ill. 2012) (noting that the defendant did not dispute that "sciatica is an objectively serious medical condition"); *Craig v. Lane*, No. 2:13-CV-92 JVB, 2013 WL 2403026, at *3 (N.D. Ind. May 30, 2013) (concluding the plaintiff's alleged conditions, including sciatica, demonstrated "a serious medical need"); *Faraday v. Lantz*, No. 3:03CV1520(SRU), 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) (holding that the plaintiff established that his back conditions caused by herniated, migrated discs and sciatica and resulting in severe pain were sufficiently severe to establish the objective component of an Eighth Amendment claim). The magistrate judge concluded that Plaintiff fails to establish that his condition is a "serious medical need" because Plaintiff admits

that, without his TENS unit, he is able to work five days a week, go on walks, and play racquetball from time to time. (R & R at 4.) The magistrate judge further noted that Plaintiff admitted in his deposition that he has never been told that he needs surgery, physical therapy, a back brace, a work restriction, or prescription pain killers, and that Plaintiff does not assert that without a TENS unit, his condition will deteriorate faster than is natural, that he will be exposed to serious harm, or that he will lose the ability to perform daily activities. Finally, the magistrate judge observed that Plaintiff did not request a TENS unit during the nearly 20 months between the time of his transfer to Muskegon Correctional Facility and his deposition. (*Id.*)

In response to Defendant Borgerding's motion for summary judgment, Plaintiff submitted a declaration in which he states that was provided the TENS unit to ease his pain and, since it was discontinued, he "has had constant pain and numbness." (Dkt. # 56 at Page ID#382.) In addition, in his Objection, Plaintiff states that he "has never stop [sic] complaining to MDOC health care of his need for the tens unit, even after being transferred to the Muskegon Correctional Facility, and the medical records will reflect that." (Dkt. # 70 at page ID#440.) Based on the foregoing, the Court concludes that Plaintiff has presented sufficient evidence to create a genuine issue of material fact with regard to whether Plaintiff's sciatic pain constitutes a serious medical condition. While a jury may conclude from Defendant Borgerding's evidence that Plaintiff's condition is not sufficiently severe, at the summary judgment stage Plaintiff's own testimony that he suffered for years from sciatic pain and that he continues to suffer from such pain suffices to create an issue for the jury. In other words, a jury could conclude that Plaintiff suffers from chronic pain even though he is able to perform many activities of daily living.

With regard to the subjective component, the magistrate judge concluded that Plaintiff fails to show that Defendant Borgerding acted with deliberate indifference because Defendant Borgerding

3

did not deny Plaintiff medical treatment but instead gave him advice on stretching that would alleviate his pain and told him to use a hot water bottle. The magistrate judge concluded that Plaintiff's complaint is simply a difference in judgment as to the proper treatment, which is insufficient to show deliberate indifference by Defendant Borgerding. (R & R at 5.)

Although the issue on the subjective prong is close, the Court concludes that Plaintiff has presented sufficient evidence to create an issue for the jury. In *Braddock v. Crompton*, No. 1:10-CV-731 (W.D. Mich.), the prisoner plaintiff alleged that the defendant violated his Eighth Amendment rights by discontinuing his TENS unit and by discontinuing his pain medication, Neurontin, and replacing it with another medication, Tegretol. The plaintiff alleged that the Tegretol was ineffective in controlling his pain and that he had requested the defendant to reinstate his Neurontin, but the defendant refused to discuss the issue. After the defendant moved for summary judgment, the magistrate judge recommended that the motion be granted because the plaintiff simply alleged a disagreement over medical treatment with regard to the TENS unit. As for discontinuance of the Neurontin, the magistrate judge concluded that the evidence showed that the defendant discontinued the Neurontin at the plaintiff's request, and if plaintiff's version that he had not actually told the nurse that he wanted the medication discontinued were accepted as true, the defendant doctor could not have been deliberately indifferent because he relied on the nurse's notes to discontinue the Neurontin. Moreover, the magistrate judge concluded, even if the plaintiff had requested that the defendant reinstate the Neurontin, the plaintiff could not show deliberate indifference because he was receiving other medication for his pain. This Court adopted the report and recommendation, agreeing with the magistrate judge that the plaintiff had only alleged a disagreement with the defendant over the proper medical treatment. The plaintiff appealed the judgment to the Sixth Circuit regarding the issue of discontinuance of the Neurontin. The Sixth

Circuit reversed, concluding that this Court had erred in granting summary judgment with regard to the defendant's refusal to reinstate the Neurontin:

> Braddock has presented evidence from which a jury could find that Crompton acted with deliberate indifference by failing to reinstate Braddock's Neurontin prescription. . . . [E]ven after Braddock complained that he was in severe pain and wanted to reinstate his Neurontin, Crompton failed to do so. . . . Crompton . . . argues that Tegretol is "a reasonable and effective alternative medication to Neurontin." But the Tegretol did not alleviate Braddock's pain, whereas Neurontin, which Braddock had been taking for several years, had already proven effective and been approved by the prison's pain management committee. Because a reasonable jury could find that Crompton disregarded a risk of serious harm when he failed to reinstate Braddock's Neurontin prescription despite knowing that Braddock was in severe pain, summary judgment was not appropriate.

*Braddock v. Crompton*, No. 12-1354 (6th Cir. Mar. 15, 2013) (dkt. # 46 at 2–3).[1]

Similar to *Braddock*, in this case, Plaintiff alleges that Defendant Borgerding discontinued the TENS unit and refused to reinstate it, even though Plaintiff complained that he was in pain and wanted Defendant to reinstate it to provide relief. Plaintiff also alleges that although various medications were prescribed over the past several years to relieve Plaintiff's pain, those medications were not effective, but the TENS unit was. In addition, Plaintiff alleges that the hot water bottle, stretching, and over-the-counter medications have not been effective in relieving Plaintiff's sciatic pain. Accordingly, Defendant Borgerding is not entitled to summary judgment on Plaintiff's claim.

As for Plaintiff's claim against Defendant Corizon, his request for injunctive relief, and his official capacity claims, Plaintiff has not objected to those portions of the R & R and the Court finds no reason that those portions should not be adopted.

Therefore,

---

[1] The Sixth Circuit also noted that the MDOC's policy guidelines required a medical practitioner to have a face-to-face meeting with a prisoner before discontinuing the prisoner's medication and that the defendant had not conducted such a meeting. The court noted that although the failure to follow prison policies does not itself give rise to a constitutional violation, disregard of prison protocols may be proof of a sufficiently culpable state of mind to establish an Eighth Amendment violation. In the instant case, it is not clear whether the policy, Operating Procedure 03.04.100C(H), would have applied to the TENS unit.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 8, 2015 (dkt. # 66) is **ADOPTED IN PART AND REJECTED IN PART**. The Court **rejects** the R & R with regard to Plaintiff's Eighth Amendment claim against Defendant Borgerding, and **adopts** the R & R with regard to Plaintiff's claim against Defendant Corizon, Plaintiff's request for injunctive relief, and Plaintiff's official capacity claims.

**IT IS FURTHER ORDERED** that Defendant Borgerding's Motion for Summary Judgment (dkt. # 46) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted with regard to Plaintiff's request for injunctive relief and his official capacity claim against Defendant Borgerding. The motion is denied with regard to Plaintiff's Eighth Amendment claim against Defendant Borgerding.

**IT IS FURTHER ORDERED** that Defendant Corizon Health, Inc.'s Motion for Summary Judgment (dkt. # 51) is **GRANTED**. Plaintiff's claim against Defendant Corizon is **DISMISSED WITH PREJUDICE**.

Dated: August 28, 2015                   /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE